# Hall v. Baker.

October 29, 1948.

Rehearing denied January 18, 1949.

Don A. Ward for appellants.

B. W. Baker for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming in part, reversing in part.

This action involves the possession of a garage building in the City of Hazard. The property was formerly owned by Edith Napier and Oscar Farmer, each owning an undivided ½ interest. Appellant purchased the property from the above joint owners in the early part of 1947.

Sometime about the middle of 1946, appellee, Mark Baker, undertook to lease this property from Edith Napier, one of the joint owners. The matter was discussed

on a number of occasions. On August 20, 1946, just prior to her leaving for vacation, Edith Napier was again approached by appellee about the lease of the property, at which time an agreement in the form of a letter was entered into as follows:

"Lothair, Kentucky
August 20, 1946

Mr. Mark Baker
Hazard, Kentucky
Dear Mark:

This is to notify you that your rental offer on the three rooms on the upper side of East Main Street is accepted. Rental at the rate of $200.00 per month. You are to have possession as soon as Gene Baker Motor Company vacates.

(Written in ink) For period of three years.

(Signed) Edith Napier
(Signed) Mark Baker."

The matter was not at any time discussed with Oscar Farmer, who, not knowing that his other joint owner was negotiating with the appellee for rental of the building, entered into an agreement with a Mr. Bruce White on September 3, 1946, granting him an option to lease the building at a monthly rental of $300.00. Bruce White never exercised his option. On January 1, 1947, the Gene Baker Motor Company vacated the building and appellee, Mark Baker, moved in and took possession. On January 11, 1947, he had his agreement to rent the building recorded in the Perry County Clerk's Office in Lease Book 13, page 528.

Appellant obtained title by deed from the joint owners. The deed from Oscar Farmer and his wife, Ruby Farmer, bears date the 10th day of January, 1947. The acknowledgment shows that Oscar Farmer acknowledged the deed on the 11th day of January, 1947, and that his wife, Ruby Farmer, acknowledged the deed on the 16th day of January, 1947, and the deed was lodged for record on the 18th day of January, 1947. The deed from Edith Napier, single, bears date the 11th day of January, 1947. It was acknowledged on the same day and filed for recording on the 16th day of January, 1947.

On January 16th appellant mailed the following notice to appellee:

"Hazard, Kentucky
January 16, 1947.

Mr. Mark Baker, Manager
Hazard, Motor Company
Hazard, Kentucky

Dear Sir:

On January 15, I purchased the former Dixon property, that you now occupy, and would like to have possession as soon as possible. Please advise me the approximate date that you can and will vacate this property.

Yours very truly,
Eva Hall."

Appellee replied with the following:

"Hazard, Kentucky
January 17, 1947

Mrs. Eva Hall, - Phone 480
Hazard, Kentucky

Dear Mrs. Hall:

I have your letter of January 16th in which you say that you are now the owner of the former Dixon property, a part of which is occupied by me under contract, with Farmer and Napier.

Under this contract I have this property rented at $200.00 per month, the rental contract to run until January 7, 1950.

It is my intention to remain in the property for the full term of my rental contract. However I will be glad to make the rental payments to you if you will furnish me with an attested copy of the instrument transferring the property to you by Mr. Oscar Farmer and Edith Napier, the owners of the property at the time I rented the property, or upon your securing from them a notice to me to pay you the rentals accruing under the contract from January 15, 1947.

I am pleased that you have bought the property and am sure that you will be an acceptable landlord.

Very truly yours,
Mark Baker.''

Appellant instituted this action on May 31, 1947. The court decided that the contract above was good as to Edith Napier but had no binding effect upon Oscar Farmer, the other joint tenant, and entered judgment to that effect, the pertinent part reading:

''* * * to give Baker the use of the property at the same rental for one half of the period contracted for, or in other words eighteen months from August 20th, 1946, the date of the contract.

''It is therefore ordered and adjudged by the Court that the defendant Mark Baker is entitled to use and occupy the property under his contract with Edith Napier of August 20th, 1946 until the 20th day of February, 1948, at which time the plaintiff will be entitled to the possession of the property and will be entitled to a writ of possession therefor in the event the defendant does not vacate and surrender the property, * * *''

Appellant prosecutes this appeal insisting that the letter agreement above should be construed as an agreement for a lease and not binding as a lease. Appellee cross-appeals insisting that he is entitled to the possession of the property as per the agreement above for a 3 year period, and that, the court erred in construing that the lease was a lease only from one of the joint owners.

It will be necessary to call to attention only a few of the pertinent facts. Appellant insists that the above instrument of lease is indefinite and uncertain: (1) in that it has no definite date as to the commencement of the operation of the lease, and (2) in the description of the property. The instrument shows that appellee is to have possession ''as soon as Gene Baker Motor Company vacates.'' It appears further that the parties knew Gene Baker was preparing to move to another building. We think the provision for possession upon the vacation of premises by Gene Baker is sufficiently definite. Likewise, the parties knew the portion of the property occupied by Gene Baker, which was the rooms set out in the

contract. This too was sufficiently definite. Gene Baker vacated this property almost entirely on January 1, 1947, at which time appellee moved in. The evidence shows that on October 22, 1946, appellee had delivered his check for one month's rent to Edith Napier and that Oscar Farmer received his part of that check. It is further undisputed that appellee was in the building before the deeds of conveyance were made and delivered to appellant.

It appears from the record that Oscar Farmer knew that appellee was in the building at the time he sold to appellant, and from this record it would be difficult to conclude other than that appellant took this property with the same charges against it as could have been charged to her grantor. We are quite aware of the fact that where property is owned by tenants in common that a lease by one is not valid as to those who do not join in the lease, and the instrument only operates to make the lessee a tenant in common with the other owners. See Geary v. Taylor, 166 Ky. 501, 179 S. W. 426; and York et al. v. Warren Oil & Gas Co., 191 Ky. 157, 229 S. W. 114. This rule is not absolute. Other factors might enter in.

In the Geary case above (166 Ky. 501, 179 S. W. 429), setting out the rule as to a lease by one cotenant, the court said: "It may be conceded that a cotenant not joining in a lease may ratify it by accepting and retaining his portion of the rent with knowledge of the circumstances under which it was paid."

Such is the situation here. Appellant's grantor accepted and retained his portion of the rental paid by appellee by check on October 22, 1946. Appellant purchased the property knowing that appellee was in possession of it and accepted the rental payments from him for several months with full knowledge of the circumstances under which it was paid.

We, therefore, conclude in the light of this evidence, that the court below should have found appellee entitled to possession of the property pursuant to his agreement above, that is, for three years from the time that he got possession of the property, which was upon the vacation of same by the Gene Baker Motor Company.

Thus concluding, it becomes entirely unnecessary to discuss the other points raised by appellee on cross-appeal.

Wherefore, the judgment is affirmed on the direct appeal and reversed on the cross-appeal, with directions to enter judgment consistent herewith.